The opinion of the court was delivered by
TiDOHMANj C. J.
A rule having been laid on the commissioners of the county of Philadelphia, “to show cause why a mandamus should not be issued, commanding them to pay to Samuel Patton 88 dollars, and- to John Roberts 84 dollars; the sums respectively due to them, as Auditors of the county of Philadelphia, for auditing and settling the accounts of the Guardians of the Poor, and Managers of the Almshouse of the city of Philadelphia, the district of Southwark and township of the Northern Liberties, agreeably to the provisions of the act of assembly, passed the 30th March, 1791, and in conformity with the directions of the act of assembly, passed the 3d April, 1821,” the commissioners have shown for cause against the mandamus, “ that they are not liable by law to pay the money claimed by the Auditors of the county of Philadephia, the services for which the money claimed as a compensation, having been performed for the Guardians of the Poor of the city of. Philadelphia, the district of Southwark, and the township of the Northern Liberties. '
The question is, whether the commissioners of the county of Philadelphia are. bound to pay the auditors, the compensation demanded by them, for auditing and settling the accounts of the guardians of the poor, &c. and to form a judgment on this question, it will be necessary to consider several .acts of assembly, by which an allowance is made to the auditors for their services. By the act 30th March, 1791, the auditors were directed to audit the accounts of the county commissioners, and were allowed- ten shillings per *251 day respectively, while employed in the said business, together with such other incidental and unavoidable expenses as the county court should think reasonable, iobepaid out of the county stock. (3 Sm. L. 17. sect. 8.) By the act 16th March, 1809, the auditors, who had before been appointed by the court, were to be elected by the.people, and each of them was to. be allowed out of the coiinty stock, the sum of one dollar and thirty-three cents, and no more, for every day’s attendance on the duties of Ms office, (5 Sm. L. 19. sect. 3. By the aet of 20th March, 1810, sect. 2. (5 Sm. L. 161.) it was made the duty of the auditors, to settle and adjust the accounts of all moneys received by the sheriff or coroners, agreeably to an act directing the mode of selecting and returning jurors. Nothing is .said about compensation for this new duty imposed on the auditors; not because they were to.receive no compensation for this additional service, but because the compensation was provided for by the act of 16th March, 1809, which gave them one dollar and thirty-three cents, for every day’s attendance on-the duties of their office. By the act of 31st March, 1812, the duty of the commissioners was increased, by the settlement of the accounts of the Board of Health. (5 Sm. L. 372. sect. 5.) This act too, was silent as to compensation, for the.reason before assigned. By the act 21st February, 1814, the auditors were allowed sixty-seven cents per day, for every day they should attend their respective duties, in addition to the pay allowed them before, (Purd. Dig. 111.) By the act of 18th January, 1821, sect. 6. (7 State L. 345,) the pay of the auditors of the several counties, was -fixed, at the rate of one dollar and fifty cents per day, and no more, to be paid out of the county treasury, for every day they shall necessarily attend their respective duties, except in the city and county of Philadelphia, where the pay was to be two dollars per day. Then came the act of 2d April, 1821, by which it was made the duty of the auditors of the county of Philadelphia, “to audit and adjust and settle the accounts of the guardians of the poor of the city of Philadelphia, the district of Southwark, and township of the Northern Liberties, and of the inspectors of the prison. No mention is made of compensation, so that those heavy additional services must go without compensation, unless the case is included in the provisions of the former acts, which give a per diem allowance for every day in which the auditors are necessarily attending their respective duties. I have not the least doubt, that the case is within the provision of the act of 18th January, 1821, the words of which extend to all days in which the auditors shall be attending their 'duties, whether those duties were imposed by former, or should be imposed by subsequent laws. The legislature might require of the auditors, any services it might think proper, and we see that it had been usual to do so,- from time to'time. The auditors could not complain of this, because, having a per diem al *252 lowance, the compensation was always adequate to the trouble. But,' if the additional services required by the act of 2d Jipril, 1821, were to be without compensation, there would have been great cause to complain. I cannot see the least reason for supposing that the legislature intended to leave these services uncompensated, and the only objection that the' counsel for the commissioners has been .able to suggest, is, that it is unreasonable, the coun.ty of Philadelphia should pay for services performed not for the whole county, but for part, viz. the city of Philadelphia, the district of Southwark, and township of the Northern Liberties. There is very little weight in this objection — for, although the services are performed but for part of the county, yet it is much the largest part. The same thing had b.een done before, when the duty of settling the accounts of the Board of Health was imposed on the auditors.' The most that can be said, is, that it .would have been more agreeable to strict justice, if the expenses of settling the. accounts of the guardians of the poor, &c., had not been thrown on the county at large. And perhaps, upon a representation to the legislature, the law may be altered. But our duty is, not to speculate upon the expediency of the law, but to give it a true construction. For the reasons which I have mentioned, I am well satisfied, that the auditors are entitled to be paid out of the county treasury, and am therefore of opinion thaj; the rule for the mandamus shopld be made absolute.
Rule absolute.